**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TRAVIS CASTLE,** *et al.***,**

      **Plaintiffs,**

  **vs.**                                  **Civil Action 2:06-CV-715
                                                     Judge Holschuh
                                                     Magistrate Judge King**

**MS. GROCE-ADAMS,** *et al.***,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff Werling,[1] a state prisoner, brings the instant *pro se* action seeking monetary and injunctive relief, alleging that his constitutional rights were violated.  This matter is before the Court on Plaintiff Werling's motion for temporary restraining order, Doc. No. 54 ("*Motion*").  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Motion* be **DENIED**.

**I.    BACKGROUND**

On August 22, 2006, inmate plaintiffs filed a complaint, alleging that defendants' actions or inaction resulted in plaintiffs' physical and emotional injuries in violation of their constitutional rights.  *Complaint*, Doc. No. 2.  Plaintiff Werling, currently incarcerated at Madison Correctional Institution ("MaCI") in London, Ohio, subsequently filed the instant *Motion*, contending that defendant

---

[1] Travis Castle and Samuel Robinson, state prisoners, also were named plaintiffs in this action.  *See Complaint*, Doc. No. 2.  On February 1, 2007, the claims of Plaintiff Castle were dismissed without prejudice for want of prosecution.  *Order*, Doc. No. 33.

Virginia Workman ("Defendant Workman")[2] retaliated against him by withholding his legal mail and personal letters. *Motion*, p. 1. Plaintiff Werling also alleges that he has been placed on cell isolation, which prevents him from conducting research in the law library. *Id*. Plaintiff Werling seeks a temporary restraining order against Defendant Workman, presumably to obtain his legal mail and letters and to gain access to the law library. *Id*.

In response, defendants filed *Defendants' Memorandum in Opposition to Plaintiff Werling's Motion for Temporary Restraining Order*, Doc. No. 61 ("*Memo. in Opp.*"), contending that Plaintiff Werling is currently in possession of his legal mail and letters and is permitted to use the law library on cell isolation. *Memo. in Opp.*, p. 2; *Exhibit A*, ¶ 3, attached to *Memo. in Opp*. Defendants argue that the *Motion* should therefore be denied because Plaintiff Werling does not have a strong likelihood of success on the merits. *Id*.  In reply, plaintiff Werling concedes that he now has possession of his legal mail and letters, but contends that the defendants "had no real cause to take my legal mail in the first place" and that "[t]here is a risk of future harm[.]" *Plaintiff's Reply Memorandum to Defendants* [sic] *Memorandum in Opposition to Plaintiff Werling's Motion for Temporary Order*, Doc. No. 64 ("*Reply*"), p. 1.

**II.  STANDARD**

---

[2]Defendant Workman is currently employed by the Ohio Department of Rehabilitation and Correction as a Unit Management Administrator at MaCI. *Exhibit C*, at ¶ 1, attached to *Defendants' Motion for Summary Judgment*, Doc. No. 70. At the time Plaintiff Werling filed the *Motion*, Defendant Workman was employed as the Institutional Inspector at MaCI. *Id*.

Plaintiff Werling moves under Fed. R. Civ. P. 65(b),[3] which permits a party to seek interim injunctive relief if he believes that he will suffer irreparable harm or injury. A temporary restraining order relates only to interim relief sought without written or oral notice to the adverse party or his attorney, whereas the application is properly treated as one for a preliminary injunction where the adverse party is given notice. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citing *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978)). In this action, defendants were given notice of Plaintiff Werling's request for interim injunctive relief, and responded in opposition to the request. *See Memo. in Opp.* Thus, the Court will address Plaintiff Werling's *Motion* as one for a preliminary injunction.

The decision whether or not to issue a preliminary injunction falls within sound discretion of the district court. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982). A preliminary injunction is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing

---

[3] Fed. R. Civ. P. 65 was amended effective December 1, 2007. The Committee Note to Fed. R. Civ. P. 65 explains that "[t]he language of Rule 65 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Fed. R. Civ. P. 65 advisory committee's note (2007 amendments).

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)).  These four considerations are not required elements of a conjunctive test but are rather factors to be balanced.  *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001); *Monongahela Power Co. v. Schriber*, 322 F. Supp.2d 902, 918 (S.D. Ohio 2004) (Sargus, J.).

**III. DISCUSSION**

Turning to the first factor of the four-part test, the Court, upon review, concludes that Plaintiff Werling has failed to establish the likelihood of success on the merits of his claim because his requests for delivery of his legal mail and personal letters and for access to the law library are now moot.  The parties agree that Plaintiff Werling is currently in possession of his legal mail and personal letters.  *Reply*, p. 1; *Memo. in Opp.*, p. 2; *Exhibit A*, ¶ 3. Defendants also have submitted evidence that Plaintiff Werling has access to the law library even while assigned to cell isolation; he has requested use of the library on only one occasion and defendants granted that single request.  *Exhibit A*, ¶¶ 5-6.  Plaintiff Werling does not present any contrary evidence or argument.  *Reply*.  Instead, he argues generally that there is a "risk of future harm" and that he "can and will show that there will be irreparable harm," *Reply*, pp. 1-2, but he fails to explain or present any evidence to support these conclusory arguments.  Plaintiff Werling's requests for delivery of his legal mail and personal letters and for access to the library are therefore moot.

Accordingly, because Plaintiff Werling has no chance of success on the merits of his claim, injunctive relief will not be granted.  As

another Judge of this Court has previously stated:

> Although, as mentioned above, the four factors are to be balanced in determining whether a temporary restraining order or preliminary injunction should issue, courts have often recognized that the first factor is traditionally of greater importance than the remaining three. *See Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537 (6th Cir. 1978). In fact, the Sixth Circuit has held that when the proponent of the injunctive relief has no chance of success on the merits of the claim, the Court may dismiss the motion without considering the other three factors. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). Failure to do so is reversible error. *See id.*; *Sandison v. Michigan High School Athletic Ass'n*, 64 F.3d 1026, 1037 (6th Cir. 1995).

*Stanley v. Ohio Dep't of Rehab. & Corr.*, No. C2-02-178, 2002 U.S. Dist. LEXIS 21996, *8-9 (S.D. Ohio August 12, 2002) (Sargus, J.) (denying motion for injunctive relief after evaluation of only likelihood of success on the merits).

Similarly, in this action, Plaintiff Werling has no chance of succeeding on the merits of his claim that defendants are currently withholding his legal mail and personal letters and denying him access to the law library. Under these circumstances, Plaintiff Werling is simply not entitled to injunctive relief.

It is therefore **RECOMMENDED** that Plaintiff Werling's [*Motion for*] *Rule 65(b) Temporary Restraining Order*, Doc. No. 54, be **DENIED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636 (b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


<u>January 11, 2008</u>                               <u>     s/Norah McCann King     </u>
                                       Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge